Johnson, J.
The complainants’ bill concedes, that the administratrix might have defended herself at law, as to all the matters stated. The pleas of plene administravit, and plene administravit prater, are exactly suited to such a defence. The only grounds upon which she seeks relief against the judgment at law, are, her own incapacity to manage the administration, and her neglecting to defend herself, in consequence of being misadvised, and misinformed, by her counsel.
If one having matters proper for a ; defence at law, neglect to make it, equity will not, in general, relieve against the judgment; nor are the mistakes, or negligence,' of counsel, in the conduct of a defence, a sufficient ground for relief. Ware v. Horwood, 14 Ves. 30, Stephenson v. Wilson, 2 Vern. 325.
Individual hardships may arise from enforcing these, or any other general rules, and, possibly, this case may furnish an instance ; but I have not been able to discover in it one circumstance, to take *181 it out of their general operation. Every one who engages to perform a duty, undertakes for his capacity to perform it; and is alike responsible for the attention, and capacity, of all agents that he may find it necessary to employ in it. If chancery possessed the power of relieving, unerringly, against all our weaknesses, and delinquencies,’1 there would be no necessity for any other Court; but that would approach nearer to perfection than can be expected of any human institutions.
The. decree of the Circuit Court must, therefore, be reversed, and the complainants’ bill dismissed, with costs; and it is so ordered, and decreed.
Harper, J., concurred.

Decree reversed.